[L. A. No. 1374.  Department One.—March 3, 1904.]

In the Matter of the Estate of JOHN NEWLOVE, Deceased. MERCANTILE TRUST COMPANY, Appellant, v. CHARLES W. NEWLOVE and JOSEPH H. NEW-LOVE; Executors, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—SALE OF LANDS—TITLE OF HEIRS—VESTED RIGHTS—INOPERATIVE AMENDMENTS—SALE FOR BEST INTEREST.—The title to land vests in the heirs of a deceased person at the time of his death, subject only to the law for the sale of lands of the decedent then operative. Where the deceased died prior to the amendments of 1893 to sections 1536, 1537, 1542, and 1543 of the Code of Civil Procedure, authorizing a sale when it appears to be for the advantage, benefit, and best interest of those interested, the vested rights of the heirs cannot be affected or impaired thereby.

---

[1] 8 Am. Rep. 665, and note.          [3] 17 Am. St. Rep. 349.
[2] 34 Am. St. Rep. 64.

ID.—VALUABLE FARM CONTAINING OIL—POWER TO SELL ENTIRE TRACT—
   EQUITABLE PARTITION IMPRACTICABLE.—*Under section 1542 of the*
   *Code of Civil Procedure, as it stood prior to the amendments of 1893,*
   *a sale of the whole of a valuable tract of farming land, containing*
   *valuable deposits of oil and asphalt, unevenly distributed, and worth*
   *in the aggregate seven hundred and fifty thousand dollars, may be*
   *ordered to pay the sum of fifty-one thousand six hundred and fifty*
   *dollars for debts, expenses of administration, and legacies, where*
   *it appears that the character of the land is such that if a part be*
   *sold the residue could not be beneficially or equitably partitioned*
   *among the heirs and devisees without a sale.*

ID.—SUFFICIENCY OF EVIDENCE—IMMATERIAL FINDING—DETRIMENT TO
   RESIDUE.—*Where the court found upon sufficient evidence that it*
   *was impracticable to make an equitable partition of the residue of*
   *the tract, another finding, that a sale of part of the land would be*
   *a detriment to the residue, is immaterial, and it is unnecessary*
   *to inquire whether it is supported by the evidence.*

ID.—RAISING OF MONEY BY MORTGAGE—NECESSITY OF SALE.—*The fact*
   *that the money needed for administration might be raised by*
   *mortgage on the land is not conclusive; and where it does not*
   *appear that the heirs have any other property or interests, and that*
   *the present income of the land is not sufficient to pay the mortgage*
   *without a sale of the property, the court did not err in finding*
   *that a sale of the entire tract was necessary and in ordering the*
   *sale thereof.*

ID.—PENDENCY OF ACTION INVOLVING STRIP.—*The pendency of an action*
   *involving a narrow strip along the southern line of the farm will*
   *not preclude a sale, where the circumstances are not such as to*
   *make a sufficient cause to refuse the order.*

APPEAL from an order of the Superior Court of Santa Barbara County for the sale of the real estate of a deceased person.   W. S. Day, Judge.

The facts are stated in the opinion of the court.

Richards & Carrier, for Appellant.

B. F. Thomas, for Executors, Respondents.

SHAW, J.—This is an appeal from an order for the sale of the real estate belonging to the deceased.   The appeal is by the Mercantile Trust Company, a corporation, which has succeeded to the interest of Frank H. Newlove, one of the heirs of the deceased and a devisee under the will.   The principal question presented upon the appeal is whether or not, under

the facts shown, the court is justified in ordering the sale of the entire real estate of the deceased, instead of a part thereof only.

The entire real estate of the deceased consisted of a tract of 2,945 acres of farming land. The petition alleges that it was of the value of $750,000, and that the debts, expenses of administration, and legacies, with interest, amounted to $51,650. The reason given for asking a sale of the entire tract, instead of only a part, was, that it was to the advantage and benefit of those interested that the whole be sold, because, it is alleged, a considerable portion of the land contained oil and asphalt deposits of great value which were not evenly distributed over the whole of it; that it was impossible to determine what portion of the land contained such deposits, and that the location, extent, and quality of the same was so uncertain that an equitable partition could not be made. The prayer was for an order to sell the whole tract, or such parts thereof as the court should judge necessary or beneficial. The appellant appeared and contested the petition, denying the allegations above mentioned, and averring in addition thereto that a suit was pending, involving the title to a strip of land two or three chains wide along the south boundary of the tract, that this impaired the value of that portion of the land so that it was not advisable, until the litigation was settled, to offer the same for sale, and further that the amount necessary to pay the debts, expenses of administration, and legacies could be raised by a mortgage upon the property, so that a sale of any part thereof was unnecessary. The court found in favor of the petitioners, and thereupon made an order for the sale of the entire tract.

The deceased died in 1889, and therefore the court had no power to proceed under the amendments of 1893 to sections 1536, 1537, 1542, and 1543 of the Code of Civil Procedure, authorizing a sale to be made when it appears to be for the advantage, benefit, and best interest of those interested. The title to the land vested in the heirs at his death, subject only to such powers to order a sale in course of administration as were then possessed by the court. These vested rights could not be impaired or affected by subsequent legislation giving a power of sale for new purposes different from and greater than those conferred by the law in force at the death of the

deceased. (*Estate of Packer,* 125 Cal. 396;[1] *Brenham* v. *Story,* 39 Cal. 179; *Pryor* v. *Downey,* 50 Cal. 409.)

The only power under which in this case the court could order a sale of more land than was necessary for the payment of debts, legacies, and expenses of administration was that given by section 1542 of the Code of Civil Procedure, as it stood prior to the amendment of 1893. It then provided, in effect, that if upon the hearing of a petition for sale it appeared necessary to sell a part of the real estate, and it should further appear that, after a sale of any such part as might be required to raise the necessary money, "the residue . . . would be of such a character with reference to its future disposition among the heirs or devisees, as clearly to render it for the best interests of all concerned that *the same* should be sold," the court might order the sale of all of the real estate. There is nothing in the language of this part of the section implying that the "character [of the residue] with reference to its future disposition" is something that must be produced or caused by the proposed sale and consequent severance of a part. It does not mean that the sale of the whole can be ordered only when the sale of a part would cause the remainder to become unfit for disposition among those interested. The sale of the entire real estate may be ordered, under this part of the section, whenever the remainder that would be left, after the sale of any proposed part, would be, of itself, and irrespective of the effect of the segregation of the part sold, of a character that would make it difficult or impossible to dispose of it among the interested parties, and so render it to their interest to have such residue also sold. It is the character of the remainder itself that is to render it for the interest of the parties to have such remainder sold, and not the effect thereon of the sale of the other part. This distinction is important to the decision of the present case. For here the particular fact that makes the residue, after the sale of any possible part, unfit for disposition among the interested parties is, that the entire tract contains mineral oil, or is supposed to contain it, and is very valuable for that reason, and comparatively worthless for any other purpose, and that the oil is not developed, nor its location, quantity, and quality in the respective parts of the land ascertained, and for that

---

[1] 73 Am. St. Rep. 58.

reason no equitable or intelligent partition among the heirs
and devisees could be made of it. But this condition is that
of the land as a whole, and also of every part of it, and it
cannot be said that the segregation of any part by a sale
would render the remainder either more or less divisible than
it was before. It would have no effect whatever upon the
divisibility of the remainder, and if the sale of the part must
be the cause of the indivisibility of the remainder, then the
sale would be unauthorized. But if it is sufficient that after
the sale of a part the remainder would, from any cause, be
indivisible, so that it could not be successfully and benefi-
cially disposed of among the heirs and devisees without a
sale, then the sale of the whole would be within the power
of the court. It appears both from the recitals embraced in
the order as entered and from the evidence in the case that
the entire tract was of the character above described; and
that after the sale of any part of it, the residue, because of its
original condition, would be of such a character that a parti-
tion of it could not be made so as to give each his just propor-
tion of the value, and therefore the case comes clearly within
the provisions of the part of the section above quoted. The
court, under such circumstances, was authorized to make the
order for the sale of the entire tract. The court does not ex-
pressly find that the remainder, after the sale of any part,
would be impossible of partition, but this is necessarily im-
plied from the findings, that "owing to the uncertainty of
the distribution of the oil, and as to its location, quantity,
and quality in said real estate, it is impossible to make a fair
and equitable partition of the entire tract," and that "the
water on said parcel of land is limited to two places, which
renders it impracticable to make an equitable partition of
said tract." These findings are fully sustained by the evi-
dence.

The appellant contends that the finding that it is necessary
to sell any part of the land to pay the debts, expenses, and
legacies is not sustained by the evidence. This contention is
based on the evidence and finding of the court that enough
money for that purpose could easily be raised by mortgage on
the land. This is not conclusive. The court is not bound to
refuse an order of sale whenever it appears that the required
money can be obtained by a mortgage. It may inquire into

the wisdom of mortgaging the property and the means of payment thereof possessed by the heirs. In the present case it does not appear that any of the heirs have any property or means other than their interests in the estate. The land produces an income of not more than two thousand dollars a year, and it is manifest that if a loan of fifty thousand dollars were made with no other means of payment, the estate could not even pay legal interest thereon, and the distributees must inevitably lose the entire property, unless at some time before default and foreclosure they could make a sale of the property. In view of these conditions the court did not err in finding that a sale was necessary.

It is not necessary to consider the objection that the finding that a part of the land could not be sold without detriment to the remainder is unsupported by the evidence. The finding and evidence on the proposition that the residue could not be disposed of among the heirs and devisees by partition is sufficient, as above shown, to sustain the order, without aid from the finding that a sale of part would injure the residue.

It is further contended that the sale should not have been ordered because it appeared that a suit was pending involving the title to a part of the tract consisting of a narrow strip along the southern line thereof including some fifty-six acres, and that this would impair the value of the land to such an extent as to render a sale inadvisable. We think this was a matter largely within the discretion of the court. The evidence taken concerning the merits of the action tended strongly to show that it had not been instituted in good faith. Of course, the merits could not be tried in this proceeding, but in view of all the circumstances of the case we cannot say that the pendency of the suit was sufficient cause for refusing to make the order to sell.

There are no other points that require discussion.

The order appealed from is affirmed.

Van Dyke, J., and Angellotti, J., concurred.