[No. 34. First Appellate District.—May 29, 1905.]

In the Matter of the Estate of SARAH P. STEWARD, Deceased. ALICE B. FIFE, Respondent, v. GEORGE C. CLEVELAND, Appellant.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—OPPOSITION BY GRANTEE OF HEIR.—A grantee of an heir of real property is entitled to the share of the heir conveyed, and is a person interested in the estate, who is entitled under section 1540 of the Code of Civil Procedure to oppose an application for an order of sale thereof.

ID.—EVIDENCE—DEED FROM HUSBAND—AVERMENTS IN PETITION—ADVERSE CLAIM NOT INVOLVED.—Where the petition of the administrator for the order of sale averred that the person named as grantor in the deed was the husband of the deceased, a deed from the husband to the opponent of the petition was sufficient proof of such opponent's interest in the estate, and its introduction in evidence was proper, and did not involve the determination of an adverse claim to property of the estate.

ID.—PETITION FOR SALE OF LANDS IN DIFFERENT COUNTIES—EXPENSES OF ADMINISTRATION—BEST INTEREST OF ESTATE—FINDING.—Where the administrator petitioned for the sale of two distinct parcels of land in different counties to pay expenses of administration, and on the ground that it was for the best interest of the estate and those interested therein to sell both parcels, where it appeared that the sale of one parcel was amply sufficient to cover the expenses of administration, and the court upon opposition of a party interested denied the petition as to the other parcel, such denial is a finding that it was not for the best interest of the estate or those interested therein to sell the other parcel at probate sale.

ID.—QUESTION OF FACT—REVIEW UPON APPEAL.—The question whether it was the best interest of the estate or those interested therein to order a sale of both parcels of real estate was a question of fact to be determined by the superior court upon the evidence before it in relation thereto; and to the extent that its decision depends upon inferences to be drawn from the situation of the property or of the parties interested therein, it is not open to review upon appeal.

ID.—APPEAL BY ADMINISTRATOR—PARTY NOT AGGRIEVED.—It is a sufficient answer to the appeal by the administrator, where none of the parties interested have objected to the terms of the order, that he is not aggrieved by an order refusing to sell one of the parcels, it being a matter of indifference to him whether those interested will be better subserved by a probate sale or by a distribution to them of such parcel.

APPEAL from an order of the Superior Court of Santa Cruz County denying a sale of one parcel of real estate. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, Jr., for Appellant.

Martin & Gardner, and Lindsay & Netherton, for Respondent.

HARRISON, P. J.—The appellant, as administrator of the estate of the above-named decedent, presented to the superior court a petition for an order for the sale of the real estate belonging to said estate. In his petition he set forth that the said real estate consisted of two parcels, one in the county of Santa Cruz, and the other in the county of Inyo; that it was necessary to sell one of the parcels for the purpose of paying the expenses of administration already incurred and

those yet to be incurred; that the heirs at law of the deceased were upwards of twenty in number, and that neither of said pieces of real property could be subdivided between them with advantage; and that for this reason it was for the benefit and best interests of the estate and those interested therein that all of the real estate should be sold; and he therefore prayed for an order directing him to sell both parcels.

Upon the day appointed for the hearing of the petition, the respondent appeared and filed an opposition thereto, setting forth that she had an interest in the estate by virtue of a conveyance of the Santa Cruz property and of an interest in the Inyo property made to her by one of the heirs at law of the deceased subsequent to her death; that the value of the Inyo property was sufficient to pay all the debts and expenses of administration of the estate, and that it was for that reason unnecessary to sell the Santa Cruz property. The administrator objected to the entertaining or hearing by the court of this opposition to his petition, on the ground that the matters set forth therein did not state sufficient objections to granting the same, and that the contestant was not a person interested in the estate; and that the court had no authority in this proceeding to hear or determine adverse or hostile claims to real property of the estate. The court overruled the objections, and proceeded to hear the evidence in support of the petition and the opposition thereto. It was shown that the Inyo lot had been appraised at nine hundred dollars and the Santa Cruz lot at seven hundred dollars, and that these were the values of the respective lots at that time; that after the death of the decedent one of her heirs had executed to Mrs. Fife, the contestant, a deed of conveyance, which purported to convey to her the Santa Cruz property; and the court found that the expenses of administration already incurred amounted to two hundred dollars, and that those to be incurred would amount to two hundred and fifty dollars. The court thereupon made an order, authorizing the administrator to sell the real estate in Inyo County, and denying his petition for a sale of the Santa Cruz property "upon the ground that the title to the same is in litigation and undetermined." From the portion of this order denying the petition to sell the Santa Cruz property the administrator has appealed.

It is a sufficient answer to this appeal that none of the parties interested in the property have objected to the terms of the order; and as it is a matter of indifference to the administrator whether those interested will be better subserved by a sale under the order of the probate court, or by a distribution to them, he is not aggrieved by the order made by the court, and under section 938 of the Code of Civil Procedure is not entitled to an appeal therefrom; but as counsel have presented the case without making this objection, we have considered the merits of the appeal as though it were authorized.

1. The court properly overruled the objection of the administrator to hearing the opposition of Mrs. Fife. As grantee of one of the heirs of the deceased, she would be entitled, upon a distribution of the estate, to the share of the heir so conveyed to her (Code Civ. Proc., sec. 1678; *Estate of Vaughn*, 92 Cal. 192, [28 Pac. 221]), and was thus a person interested in the estate; and under section 1540 of the Code of Civil Procedure entitled to oppose the application for the order of sale. The objection at the hearing to the introduction in evidence of the deed to her on the ground that it did not appear that her grantor had any interest in the property was fully overcome by the averment in the administrator's petition that the said grantor was the husband of the deceased. Its introduction did not involve the determination of any adverse claim to the property of the estate, but was proper for the purpose of establishing a right in Mrs. Fife to object to a sale of the entire property and to ask the court to limit its order to a sale of the Inyo property.

2. Whether it would be for the advantage, benefit, and best interests of the estate, or those interested therein, to order a sale of both parcels of the real estate, was a question of fact to be determined by the superior court upon the evidence before it in reference thereto; and to the extent that its decision depends upon inferences to be drawn from the situation of the property, or of the parties who are interested therein, it is not open to review. The fact that after considering all the evidence before it it directed the sale of the Inyo property, and denied the petition for the sale of the Santa Cruz property, is a sufficient declaration by it that in its judgment it would not be for the benefit of the parties

interested to sell the latter; and this decision was not without evidence for its support. While the grounds stated in its order,—viz., "that the title to the same is in litigation and undetermined,"—is technically incorrect, in that it is not shown that there is any action pending in court with reference to its title, yet there was evidence that the title was in controversy. Mrs. Fife had stated in the objections filed by her that she claimed to be the owner in fee; and although the deed to her purported to convey the entire property in the lot, yet she had in fact only such interest in the lot as was in her grantor, and that interest was not shown to be other than such as he had by virtue of being an heir of the deceased. Although the Santa Cruz lot is so small in extent as to render its subdivision among the heirs impracticable, yet the court might reasonably conclude that if it should be distributed to them a better price would be realized upon its sale in an action between them for its partition, where the title could be judicially determined, than at a probate sale where the title of the deceased was admittedly in controversy. The court therefore exercised a wise discretion in determining that it would not be for the advantage of the parties interested to order its sale.

The order appealed from is affirmed.

Cooper, J., and Hall, J., concurred.

A petition to have this cause heard by the supreme court after judgment in the district court of appeal was denied by the supreme court on July 25, 1905.