[Civ. No. 18694. Second Dist., Div. One. Feb. 9, 1953.]

JOHN A. CELLA, Respondent, v. MARY BARR COSGRO et al., Appellants.

Prentiss Moore and George E. Lindelof, Jr., for Appellants.

Keane & Wickhem and Frank Wickhem for Respondent.

DORAN, J.—The complaint herein seeks the cancellation of certain deeds covering the respondent's home property located at 1167-1169 Bonnie Beach Place, Los Angeles County. In three counts, appellants are charged with undue influence and fraud in the procuring of an agreement and deed from the respondent who was then of the age of 77 years. Mistake of law is also alleged. The trial court found in favor of respondent.

It appears from the record that on April 23, 1940, taxes on the property having become delinquent, in the amount of $464.31, plus interest and penalties, respondent made a payment thereon of $217 and arranged for payment of the balance under the so-called 10-year plan. The appellant Leah Porter Cella, denominated "the principal defendant," respondent's daughter-in-law, thereafter took the respondent to the office of an attorney in Huntington Park where an agreement was drawn and executed, dated April 1, 1943. The respondent thereby agreed to convey the Bonnie Beach property to appellant Mary Barr Cosgro, the mother of Leah Cella, who agreed to pay the delinquent taxes.

It was further agreed that the respondent John A. Cella, "shall during his lifetime have the exclusive use and right of occupation of three back rooms in the house now located upon said premises and now occupied by him . . . all without expense to him; and . . . shall have the exclusive right to use and occupancy of the garage located upon said premises during his lifetime and without cost and expense to him." Mary Barr Cosgro also agreed to "at all times keep said real property free and clear of liens of whatever nature," and not to "sell or otherwise dispose of said real property during the lifetime of" respondent.

The trial court found that prior to execution of the agreement, Leah Cella and Mrs. Cosgro had applied to one Sims for a loan of $1,000, and that in the latter part of April, 1943, Mrs. Cosgro, then being record owner of the property, executed a trust deed to Sims to secure said loan. This trust deed remained a lien on the property until July 1, 1946, when it was superseded by a new trust deed for $2,600 in favor of Atlantic Savings and Loan Association.

Previous to the execution of the $2,600 trust deed, and on June 8, 1945, Mary Barr Cosgro, then being about 80 years of age, executed a grant deed of the property in question to Leah Porter Cella. The $2,600 trust deed was then executed by Leah Porter Cella, and the trial court found "at the instance and urging of said defendant Leah Porter Cella, and without legal or other independent advice, and not comprehending the nature and effect of signing said note and deed of trust, the plaintiff (John A. Cella) did join with said Leah Porter Cella in the execution of said note and deed of trust." John A. Cella "did not at the time of making said loan, nor at any time thereafter, receive any of the proceeds of said loan."

Beginning with April 2, 1943, appellant Leah Cella collected rent on the part of the premises not occupied by the respondent, at the rate of $22.50 per month, and paid taxes and upkeep. As a result of an accounting in open court, it was determined that up to October 31, 1950, defendants had collected rents in the sum of $2,025, and "had expended in connection with the said property the sum of $2,078.61, leaving a balance due from the plaintiff to the defendants of $53.61."

On June 30, 1948, the respondent married a second wife, Delilah Cella, and thereafter, as stated in appellants' brief, "friction developed," which finally led to the present action to rescind the transaction and recover back the property, which was filed on December 1, 1948. Shortly after the new Mrs. Cella started to live with respondent, Leah Cella collected $15 per month from Mrs. Cella, which, however, was later returned. Leah Cella also told the respondent and Mrs. Cella that the property was going to be sold to the tenant of the front portion, one John Sardini, whereupon John Cella notified the prospective purchaser of respondent's interest, and for the first time, consulted an attorney in regard to the matter.

The trial court found that previous to making an agreement with Mary Barr Cosgro, the respondent "by reason of said advanced years . . . had been unable unassisted properly to manage or take care of his property and was likely to be deceived by designing persons." It was further found that the reasonable and market value of the property was $5,000; that "the defendant Leah Porter Cella maintained a close, intimate and confidential relationship with the plaintiff," and that "well knowing the plaintiff's physical and mental condition as a result of his advanced years, and well knowing the plaintiff's economic status, procured the plaintiff to execute" the agreement in question; that respondent had no independent advice, and did not fully comprehend "the nature and effect of said agreement."

The court further found that notwithstanding the agreement that the property should not be sold or disposed of during respondent's lifetime, and should be kept "free and clear of liens of whatever nature," the property was conveyed by Mary Barr Cosgro to the latter's daughter, Leah Porter Cella; that as hereinbefore stated, a trust deed for $1,000 had been placed on the property, this encumbrance being later succeeded by a trust deed for $2,600 in which the respondent was induced to join, "not comprehending the nature and effect" thereof. The $2,600 loan was later paid off "but no funds of the plaintiff were used in the repayment of said loan."

The findings also declare that the defendants, at the time of making said agreement, "did not intend to perform" the agreement against encumbering or disposing of the property; that "the consideration given by the defendants for the execution of said agreement and the transfer of title . . . was grossly inadequate"; and that when the agreement was executed, it was believed that the provision against disposing of the property "was a valid and legally enforceable provision." From these findings the trial court concluded "That the defendant Leah Porter Cella took advantage of her close, intimate and confidential relationship with the plaintiff"; that there was a mutual mistake of law as to enforceability of the provision against disposing of the property; that since an accounting was necessary, it was not necessary for plaintiff to make an offer of restoration of consideration.

Appellants' contention that the findings of the trial court are unsupported is without merit. The record discloses substantial evidence, and reasonable inferences therefrom, in

support of the findings and judgment. Under these circumstances, an appellate court does not enter into review of the evidence or retry factual issues. The fact that evidence presented by the contending parties is in conflict and that the trier of fact is confronted with divergent theories, justifies no departure from the above rule.

The complaint in the instant case is predicated upon a combination of events which served to deprive the plaintiff of valuable real property. By amendment, plaintiff sought relief on the theories of fraud, undue influence, and mutual mistake. The trial court found that all three were present, although any one, standing alone, would have been sufficient to void the agreement. Appellants' assertion that "The principal issue below was that of undue influence," is hardly justifiable since this was only a part of the story.

A gradual weakening of powers, both mental and physical, is not unusual in the aged, and furnishes a condition favorable to the practice of either fraud or undue influence, or as in many such cases, an adroit combination of the two. The present record, viewed in the light most favorable to the respondent, presents such a situation.

As stated in respondent's brief, there is evidence of "a close, intimate and confidential relationship" between Leah Porter Cella and the aged father-in-law. The respondent advised with the daughter-in-law concerning business affairs, and, said Mrs. Cella, "He had confidence in me." At the time of trial, Mrs. Cella had some of the respondent's papers. Respondent's daughter, Mrs. Helen Childers, testified that with the father, Leah Cella's "opinions came first," and that "it would turn out whatever she told him to do in the end."

Whether the presumption of undue influence arising from a confidential relationship has been satisfactorily rebutted, is, of course, a question of fact, which in this case was resolved by the trial court in respondent's favor.

Appellant complains of the finding that the property was worth $5,000 as not being responsive to allegations in the complaint that the value was $3,500. However, the record discloses evidence of actual value, including the fact that a loan association deemed the property to be of sufficient value to support a loan of $2,600. Likewise, appellant argues that respondent was not damaged by the transaction. The respondent's brief answers this by calling attention to the fact that during the period in question, Mr. Cella, by reason of appellants' acts, was denied any control over the property.

It is also contended that the plaintiff was guilty of laches, and that the action is barred by the statute of limitation. Neither of these arguments has merit. It is conceded that the right to rescind must be exercised promptly. What is a reasonable time depends, as in other situations, upon the particular circumstances of the case. In the present case, although the agreement was made about April 1, 1943, respondent, according to the evidence, never discussed the matter with anyone nor had any advice concerning it until about July, 1948. At that time appellant Leah Cella collected rent from respondent's new wife, and respondent became aware that the house was to be sold. An action was commenced the following month, which was later dismissed and the present action instituted on December 1, 1948. The trial court properly found that there was no laches.

The contention that respondent's action is barred by section 318 of the Code of Civil Procedure, requiring that actions to recover real property be brought within five years, is answered in 16 California Jurisprudence 438, limiting such rule ''to cases which involve the features of an action in ejectment or to quiet title. The rule clearly does not apply where the case presents a simple question of fraud or mistake, and there is no attempt to recover possession or establish title otherwise than by nullifying the act procured by fraud or mistake.'' As said in *Lewis* v. *Beeks,* 88 Cal.App.2d 511, 519 [199 P.2d 413], involving a situation not dissimilar from the present case, the action herein is one for relief on the ground of fraud.

The trial court, with first hand opportunity to judge of the credibility of witnesses, the mental alertness of the plaintiff, and all other facts illuminating the transaction, came to the conclusion that John A. Cella was the victim of an unconscionable transaction designed to defraud, and relied upon by the victim, resulting in the deprivation of property and possessory rights. Since the record discloses substantial evidence in support of such conclusion, it cannot be said that the findings and judgment are improper.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 3, 1953, and appellants' petition for a hearing by the Supreme Court was denied April 7, 1953. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.