34 Cal.Rptr. 668]

[Civ. No. 27319.   Second Dist., Div. Four.   Sept. 6, 1963.]

Estate of DENCHALY HARABEDIAN, Deceased. PAULINE KARDASHIAN, as Executrix, etc., Petitioner and Appellant, v. FRED J. AKASHI et al., Objectors and Respondents.

Michael D. Hiller for Petitioner and Appellant.

Andrew W. Lockton III for Objectors and Respondents.

JEFFERSON, J. — This is an appeal from an order refusing to confirm the sale of real property by the executrix of the above entitled estate.

Respondents entered into an agreement with the heirs of the estate, as evidenced by escrow instructions signed July 13, 1962, whereby respondents agreed to buy and the heirs agreed to sell certain real property in the estate for the sum of $8,000 cash, conveyance to be made, "at such time as the said estate probate is completed." Subsequently, a notice of sale of the same real property was published by appellant (executrix), who is also one of the heirs. Offers were obtained, with a high bid of $13,000 being submitted on November 16, 1962, to the Los Angeles Superior Court for confirmation. Objections interposed by respondents were sustained by the court, and appellant's petition for confirmation was denied. This appeal followed.

Appellant contends that respondents are not "persons interested" in the instant estate as required by Probate Code section 756, so as to have standing to object to confirmation

of the sale. The issue is whether or not one who has entered into a written contract with an heir to purchase real property in probate is a person interested in the estate within the meaning of section 756.

It is well established that title to real property belonging to a decedent vests at the death of the decedent in the heirs and devisees of the decedent, subject only to divestment by reason of the administration of the estate. (*Estate of Newlove,* 142 Cal. 377 [75 P. 1083].)

It is also clear that if one of the heirs deeds to a grantee real property that belonged to the decedent, the grantee is a ''person interested'' in the estate under Probate Code section 756. In the case of *Estate of Steward,* 1 Cal. App. 57 [81 P. 728] one of twenty heirs gave a deed conveying his interest in one of two pieces of real property in the estate to a third party grantee. When the administrator of the estate subsequently applied for an order permitting the sale of the property, the grantee filed objections, stating that the other parcel of land should be sold instead of the parcel in which she had an interest. In confirming the decision of the lower court sustaining the grantee's objections, the court held that the grantee was a person interested in the estate and was thus entitled to oppose the application for the order of sale. The court stated (at p. 60) that: ''As grantee of one of the heirs of the deceased, she would be entitled, upon a distribution of the estate, to the share of the heir so conveyed to her [citations], and was thus a person interested in the estate ; . . .''

In the more recent case of *Estate of Weaver,* 158 Cal.App. 2d 367 [322 P.2d 522], the heirs gave the grantee both a quitclaim and a warranty deed to real property belonging to the decedent. The lower court confirmed a subsequent sale of the same property over the objections of the grantees (to the prior conveyance) who contended there was no necessity for the sale. In reversing the lower court, the court on appeal upheld the objections of the grantees and thus also their standing to object.

While the heirs in the instant case have not granted or deeded the subject real property to the respondents, it is the view of this court that the latter have acquired a sufficient interest as purchasers under the contract to qualify them as persons interested in the estate within the meaning of Probate Code section 756.

Appellant maintains that the evidence does not sup-

port the finding of the court below that no necessity for sale was shown. Probate Code section 754 requires a showing on the part of an executor or administrator that the sale of estate property is necessary to satisfy obligations of the estate or that the sale is for the best interests of the estate. Appellant, in her petition for confirmation of the sale, listed as her reason for selling the property, "It is necessary for the payment of debts, expenses of administration and taxes." Appellant alleged the existence of unpaid administration expenses and costs advanced by appellant in the amount of $5,812.15. At the hearing of the petition for confirmation respondents offered to loan the estate up to $7,000 without interest to pay any alleged expenses, "to become a lien on the land" they had contracted to purchase. A loan of $6,000 was thereupon approved by the court. The question is raised whether the loan offer removed the necessity for sale.

In the case of *Estate of Weaver, supra,* the objector offered to pay the expenses of administration of an estate. In reversing the confirmation of sale by the lower court, the appellate court said (p. 372) that "... where, as in the present case, the only possible reason for the sale is to pay the expenses of administration, and where that necessity has been removed by tender of a cashier's check by counsel and a bona fide offer to pay whatever additional expense the court may find, then any reason for the sale has been completely removed, and hence it was error to confirm the sale." (For a similar holding, see *Estate of Rawitzer,* 175 Cal. 585 [166 P. 581].)

The fact that in the instant case a mortgage on the property was required as security for the loan, should not prevent the application of the rule stated in *Estate of Weaver, supra,* and *Estate of Rawitzer, supra.* In the case of *Estate of Newlove, supra,* 142 Cal. 377, an appellant contended that it was not necessary to sell certain real property in the estate, because the trial court had made the finding that enough money could be raised by a mortgage. The court in refusing appellant's contention, stated (pp. 381-382.) :

"This is not conclusive. The court is not bound to refuse an order of sale whenever it appears that the required money can be obtained by a mortgage. It may inquire into the wisdom of mortgaging the property and the means of payment thereof possessed by the heirs. In the present case it does not appear that any of the heirs have any property or means other than their interests in the estate. The land produces an income of not more than two thousand dollars a year and it is

manifest that if a loan of fifty thousand dollars were made with no other means of payment, the estate could not even pay legal interest thereon, and that the distributees must inevitably lose the entire property, unless at some time before default and foreclosure they could make a sale of the property. In view of these conditions the court did not err in finding that a sale was necessary.''

In the case before us, the court did inquire into the wisdom of mortgaging the real property, and found in favor of so doing. As pointed out by respondents, the means of repaying the mortgage are obvious, as respondents have contracted with the heirs to purchase the property for more than the amount of the mortgage.

Appellant contends that respondents, having refused to participate in the open bidding after notification that the estate would sell the property at private sale, stand in the position of ''disappointed bidders,'' and thus have no standing since their bid was not presented for court confirmation. It is clear from the evidence, however, respondents were not bidders at all, not having offered to buy the property from the estate. Respondents' contractual relationship was with the heirs and respondents' standing in court was as persons who had acquired their interest through the heirs acting independently of the estate. The fact that one of the heirs was also executrix of the estate would not change this result.

Appellant contends the court below committed reversible error in failing to make a finding on the question of adequacy of consideration to support the contract between respondents and the heirs. Appellant argues that in light of the $13,000 bid received at the sale for which confirmation was sought, the respondents' promise to pay $8,000 was ''inadequate consideration per se.''[1]   The only parties before the court, however, were the executrix, in her capacity as executrix, and respondents. Since neither the heirs (the other parties to the contract), nor the contract of sale itself, were before the court, the court properly refused to pass on the issue of adequacy of consideration to support the contract. Any issue as to consideration is a matter between the parties to the contract of sale, respondents as buyers and the individual heirs as sellers.

Other contentions made by appellant, we, having considered,

[1]Parenthetically, it is noteworthy that the original appraisal of the property was $4,000 and the reappraisal, ordered at the time of the hearing of objections to the sale, $8,500.

find to be without merit, and not warranting further discussion.

The order is affirmed.

Burke, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1963.