**GUAM SCOTTISH RITE BODIES, a Fraternal Organization, Plaintiff-Appellee,**

**v.**

**Joseph FLORES, Defendant-Appellant (two cases).**

**Nos. 72–1867, 72–1958.**

United States Court of Appeals, Ninth Circuit.

Oct. 26, 1973.

Howard G. Trapp (argued), of Trapp, Gayle & Company, Agana, Guam, for Joseph Flores.

David M. Shapiro (argued), Agana, Guam, for Guam Scottish Rite Bodies.

Before KOELSCH and TRASK, Circuit Judges, and KING,* District Judge.

PER CURIAM:

The parties to this appeal are adjoining landowners on the Island of Guam, and their boundary dispute is the subject of the lawsuit.

Guam Scottish Rite Bodies, plaintiff below, has been the fee simple owner of a lot on the island since August 8, 1958. Defendant Joseph Flores has been the owner of a lot adjoining the southern

---

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

boundary of plaintiff's lot since April 12, 1965. The complaint, filed on July 14, 1970, alleged that in the year 1966 or 1967, Flores bulldozed an area lying north of his property line, and then constructed a portion of an apartment building, a concrete walk and a metal clothesline on land belonging to the Scottish Rite, despite notice that he was encroaching. Scottish Rite asked for an injunction compelling Flores to remove the encroachment, and for money damages.

During the course of their dispute, and prior to construction of the encroachments, each of the parties caused his own survey to be conducted. Each thereafter relied on his own survey, although the two were not in harmony. The trial court found the survey conducted by Scottish Rite to be the correct one and accordingly found that Flores had encroached through the construction of a sidewalk, a clothesline and a concrete roof eave. The judge further found the encroachments to be permanent in nature and awarded damages to Scottish Rite. Applying the doctrine of relative hardships, the trial court awarded a permanent easement for the roof eave and the sidewalk to Flores and ordered removal of the clothesline.

Both parties appeal from the judgment of the District Court. Scottish Rite contends that the encroachment was wilful, and that therefore it was error for the trial court to balance the equities and to deny a mandatory injunction ordering Flores to remove all the encroachments. Flores takes the position that Scottish Rite's claim against him is barred by the statute of limitations.

█ Scottish Rite cites Christensen v. Tucker, 114 Cal.App.2d 554, 250 P.2d 660 (1952) as authority for the proposition that "for a defendant to be entitled to the benefits of the relative hardship doctrine, the trespass must not have been willful . . . ." The *Christensen* case, however, suggests that where a defendant builds his encroachments on the plaintiff's land without making a survey of his own and simply relies on statements of his grantor, that may be merely negligent. In this case, the defendant conducted his own survey and relied upon it. The trial court declined to find that the defendant's encroachment reached the level of wilfulness. On the state of the record, we cannot find that this was error.

Flores maintains that Scottish Rite's claim against him was barred by the statute of limitations, specifically § 338(2) of the Guam Code of Civil Procedure.[1] The trial court held that section to be inapplicable, since the action was not based upon trespass or injury to real property. Instead, the court characterized this as a suit for recovery of possession of real property wrongfully withheld, and governed by the five-year limitations period of Code of Civil Procedure §§ 318 and 319.[2]

The Guam statutes here under consideration are modeled after their counter-

---

1. § 335. Periods of limitation prescribed. The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:

    " . . .

    "§ 338. Within three years—

    " . . .

    "2. An action for trespass or injury to real property;"

2. "§ 318. Seizing within 5 years, when necessary in action for real property. No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within 5 years before the commencement of the action."

    "§ 319. Such seizing, when necessary in action or defense arising out of title to or rents of real property. No cause of action, or defense to an action, arising out of the title to real property or to rents or profits out of the same, can be effectual, unless it appear that the person prosecuting the action, or making the defense, or, under whose title the action is prosecuted, or the defense is made, or the ancestor, predecessor, or grantor of such person was seized or possessed of the premises in question within 5 years before the commencement of the act in respect to which such action is prosecuted or defense made. . . . . "

parts in the California codes. Flores' cases suggest that under California law, a permanent encroachment is characterized as a trespass, and that an action based upon such a trespass is barred three years after the encroachment has commenced. However, there is also California authority indicating that the five-year statute of limitations is applicable in cases involving "the features of an action in ejectment". Cella v. Cosgro, 115 Cal.App.2d 816, 253 P.2d 57 (1953). The present case might be seen as one involving the features of an action in ejectment, and it is thus at least arguable that the five-year limitations period is appropriate.

The trial judge ruled that where there is a "substantial question" over which of two conflicting statutes of limitation, to apply, the court should as a matter of policy apply the longer. This rule previously has been employed by at least two of the Circuits, in Hughes v. Reed, 46 F.2d 435 (10th Cir. 1931), and Payne v. Ostrus, 50 F.2d 1039 (8th Cir. 1931). The trial court's conclusion on this point is reasonable under the circumstances and will not be disturbed.

A more troublesome issue confronting us is the matter of the Land Title Registration Act of Guam, Civil Code, chapter 1157. Section 1157.38 of the Act provides:

> "No unregistered estate, interest, power, right, claim, contract, or trust shall prevail against the title of a registered owner taking bona fide for a valuable consideration or of any person bona fide claiming through or under him."

In its complaint, Scottish Rite claimed registration of its land under the Act. The trial judge found that Scottish Rite did hold under a certificate of title. He made no further mention of the impact, if any, of the certificate on the merits of either party's claim.

Again on this appeal, Scottish Rite contends that registration of the land under the Act precludes the award to Flores of any superior interest. Flores did not bother to respond to this issue in his perfunctory reply brief. Given such a state of affairs, we cannot say that the allegation of Scottish Rite is wholly without merit, especially in view of this Court's determination in Wells v. Lizama, 396 F.2d 877 (1968), that the essential purpose of the Guam Land Title Registration Act is to allow confident reliance upon record title under the Act.

Since we are not able to ascertain precisely how the trial court disposed of this issue, the judgment must be vacated and the cause remanded for further proceedings related to the significance of Scottish Rite's certificate of title.

So ordered.