Florence Palting HAIR;  Priscilla Palting
Ragland;  Portia Palting Seely;  Jeannie
Palting Wimett;  Estate of Mildred Palt-
ing, Plaintiff-Appellee,

v.

Marciano V. PANGILINAN,
Defendant-Appellant.

No. 86–2581.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 1987.

Decided May 7, 1987.

Edward S. Terlaje, Agana, Guam, for
defendant-appellant.

Mark S. Beggs, Agana, Guam, for plain-
tiff-appellee.

Before HUG, NELSON and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

Pangilinan asks this court to set aside a decision of the Appellate Division of the United States District Court for the District of Guam that affirmed a judgment of the Guam Superior Court. The Guam court's decision granted Hair's claims arising from the encroachment on Hair's lot by Pangilinan's building in an adjoining lot and from Pangilinan's use of two other buildings on Hair's lot. We have jurisdiction under 48 U.S.C. § 1424–3(c) (Supp. III 1985) and determine that the case is appropriate for submission without oral argument. We affirm.

## I. BACKGROUND

This dispute concerns the boundaries and use of two adjoining lots in Guam. Pangilinan acquired title to lot 2116 in 1968 and constructed the Guam Tribune Building on that lot shortly thereafter. The adjoining lot, number 2121–1–R3, was part of the estate of Paul D. Palting. In 1975, while the estate was in probate proceedings, Rosalia Palting (an heir and surviving spouse of Paul Palting) entered an agreement with Pangilinan conveying her interest in lot 2121–1–R3 to him for $150,000. Pangilinan and his agents thereafter occupied two buildings on lot 2121–1–R3 at various times until May 1982. At the conclusion of the probate proceedings in May 1980, however, the plaintiffs were awarded full title to lot 2121–1–R3. Rosalia Palting received no interest in that lot.

The plaintiffs sued Pangilinan in September 1982, charging that the Guam Tribune Building was built on part of their lot (2121–1–R3) and seeking rent for Pangilinan's occupation of the two buildings on that lot. After a two-day bench trial, the Guam Superior Court found that the Guam Tribune Building encroached a total of 73.-76 square meters on the plaintiffs' lot. Be-cause the building could not be partially demolished, the court ordered the plaintiffs to convey clear title to the 73.76 square meters to Pangilinan at an appraised rate of $47 per square meter. Second, the court ordered Pangilinan to remove an encroaching gas tank and compressor from lot 2121–1–R3. Finally, Pangilinan was ordered to pay the plaintiffs rent for the use of the two buildings on lot 2121–1–R3 for a period of occupancy between July 1980 and September 1982. Judgment was entered on August 22, 1985. The United States District Court of Guam, Appellate Division, affirmed.

## II. DISCUSSION

■■■ This court reviews decisions of the Appellate Division of the District Court of Guam on matters of local law, custom, or policy for " 'manifest error.' " *Electrical Constr. & Maintenance Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 620 (9th Cir.1985) (quoting *Schenck v. Government of Guam*, 609 F.2d 387, 390 (9th Cir.1979)). This court must affirm the appellate division's interpretations of local law " 'if they are based upon a tenable theory and are not manifestly erroneous.' " *Guam v. Yang*, 800 F.2d 945, 946 (9th Cir.1986) (quoting *Laguana v. Guam Visitors Bureau*, 725 F.2d 519, 520 (9th Cir.1984)). This degree of deference is accorded because the appellate division sits as a territorial Guam court, not as a federal court. *Electrical Constr.*, 764 F.2d at 620 n. 1; *Schenck*, 609 F.2d at 390. The de novo review of a district court's interpretation of state law set forth in *In re McLinn*, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc), is inapplicable here. *Electrical Constr.*, 764 F.2d at 620 n. 1. Thus, "[i]f the decision is based on a tenable theory, we may not reverse even if we disagree with the ruling or believe that the territorial court's conclusion is the least desirable of several possible alternatives." *Schenck*, 609 F.2d at 390.

■■■ Pangilinan first argues that the Guam court should have considered his certificate of clear title to lot 2116, which is conclusive as to his claim to that lot in an

action for ejectment, partition, or possession. *See* Guam Civ.Code § 1157.40. He claims that a remand for consideration of this fact is required under *Guam Scottish Rite Bodies v. Flores*, 486 F.2d 748 (9th Cir.1973) (per curiam).

There is no dispute in this case about whether Pangilinan has clear title to lot 2116. His argument seems to proceed on the premise that lot 2116 in fact includes all of the land under the Guam Tribune Building. The Guam court, however, made a factual finding to the contrary, based on the evidence produced at trial. Pangilinan has presented no evidence on appeal that would indicate that this finding was in error.

Even assuming that the certificates of title to the adjoining lots in fact established overlapping claims to the disputed strip of land, the appellate division held that, under the relation back provision of Guam Civ. Code § 1157.30, the certificate of title to lot 2121–1–R3 (first registered in 1919) would have priority over the certificate of title to lot 2116 (first registered in 1929). This construction of local Guam law is based on a tenable theory and is not manifestly erroneous. *See Minnetonka State Bank v. Minnesota State Sunshine Soc.*, 189 Minn. 560, 250 N.W. 561, 562 (1933).

*Guam Scottish Rite* is distinguishable. In that case, the district court, sitting as a trial court, did not address the effect of the defendant's certificate of title in a factual situation similar to the one involved in this appeal. *See* 486 F.2d at 748–49. Because the district court failed to address the effect of the certificate, the Ninth Circuit vacated and remanded for consideration of that issue. *Id.* at 750. In the instant case, however, though the Guam Superior Court did not explicitly address the issue, the appellate division—sitting as a local court—clearly did. Hence, a remand to either the appellate division or the trial court would serve no purpose.

■ Second, Pangilinan argues that the appellate division erred in holding that Rosalia Palting could not transfer lot 2121–1–R3 to Pangilinan during the probate of Paul Palting's estate. He argues that Ro-

salia could effect the conveyance and thus that he was lawfully entitled to occupy the two buildings on lot 2121–1–R3.

Guam law provides that "[u]pon a person's death, the title to such person's property ... passes immediately to the person ... to whom it is devised or bequeathed ... or, in the absence of such disposition, to the person ... who succeed[s] to such person's estate as provided in Division 2 of this Title." 15 Guam Code Ann. § 1401(a) (1983). It continues:

Notwithstanding the provisions of subsection (a) of this Section, and except as otherwise provided by law, all of such person's property shall be subject to the possession of such person's personal representative and to the control of the Superior Court of Guam for the purpose of administration, sale or other disposition under the provisions of Division 3 of this Title, and shall be chargeable with the expenses of administering such person's estate, and the payment of such person's debts and the allowance to such person's family.

*Id.* § 1401(b). Finally, Guam law provides:

In its order or decree of final distribution, the Superior Court must name the persons and the proportions or parts to which each is entitled, and such persons may demand, sue for, and recover their respective shares from the personal representative, or from any person having the same in possession. Such order or decree, when it becomes final, is conclusive as to the rights of heirs, devisees, and legatees.

*Id.* § 3013.

These provisions make clear that Rosalia Palting's attempted conveyance of lot 2121–1–R3 to Pangilinan during Paul Palting's probate was subject to the outcome of the probate proceedings. The appellate division relied on California law in concluding that Pangilinan took the conveyance "subject to the perils of the proceeding." *In re Estate of Dobbins*, 36 Cal.App.2d 536, 541, 97 P.2d 1051, 1054 (1940). This determination of Guam law is not manifestly erroneous. The Guam provision is based on California Probate Code § 300, and the appel-

late division's citation to a California case was appropriate. *See Guam v. Ojeda,* 758 F.2d 403, 406 (9th Cir.1985); *Roberto v. Aguon,* 519 F.2d 754, 755 (9th Cir.1975). Other California cases reach the same conclusion. *See In re Estate of Harabedian,* 220 Cal.App.2d 1, 3, 34 Cal.Rptr. 668, 669 (1963); *In re Kennedy's Estate,* 87 Cal. App.2d 795, 797, 197 P.2d 844, 846 (1948). The lone California case cited by Pangilinan actually supports Hair's position. *See In re Estate of Michels,* 18 Cal.App.2d 201, 204, 63 P.2d 333, 334 (1936) (stating that a sole heir may assign an interest in the estate "subject only to her right of possession as administratrix for the purpose of administration").

Thus, Rosalia Palting could not convey lot 2121–1–R3 to Pangilinan. She conveyed her interest in the lot, which turned out to be nothing. As the appellate division concluded, Pangilinan may have recourse against Rosalia Palting, but not against any of the plaintiffs-appellees.

■ Finally, Pangilinan argues that the claim arising from the encroachment of the Guam Tribune Building should have been barred by a statute of limitations. Guam law establishes a five-year statute of limitations for an action for the recovery of real property or an action for title, rents, or profits concerning real property. Guam Civ.Proc.Code §§ 318, 319. The limitations period begins when the plaintiff (or his predecessor) is "seized" or "possessed" of the property.

The appellate division held that the statute of limitations did not apply because, absent any adverse possession by Pangilinan, *see* Guam Civ.Code § 1157.34 (providing that adverse possession may not be made against registered land), no seizure occurred. Before the appellate division, Hair cited several California cases interpreting the similar California statute of limitations, Cal.Civ.Proc.Code § 325, in the same way. *See Schoenfeld v. Pritzker,* 257 Cal.App.2d 117, 64 Cal.Rptr. 592 (1967); *People's Water Co. v. Boromeo,* 31 Cal. App. 270, 160 P. 574 (1916). Pangilinan does not argue that he had adverse possession. The appellate division's construction

of Guam Civ.Proc.Code §§ 318, 319 is not manifestly erroneous.

Pangilinan again relies on *Guam Scottish Rite,* which is again distinguishable. That case involved a choice between a three-year statute of limitations and the five-year statute in §§ 318, 319. *See* 486 F.2d at 749. The Ninth Circuit upheld the lower court's decision to apply the longer statute of limitations, which did not bar the action, because there was a "substantial question" about which statute of limitations should apply. *Id.* at 750. The court did not have to reach the question whether the five-year statute in §§ 318, 319 would have barred an action in which the encroachment had begun more than five years previously.

### III. ATTORNEYS' FEES

■ Appellees request this court to award them attorneys' fees for this appeal under Fed.R.App.P. 38 and 28 U.S.C. § 1912 (1982) on the ground that the appeal is frivolous. An appeal is frivolous "if the result is obvious or if the claims of error are wholly without merit." *Malhiot v. Southern Cal. Retail Clerks Union,* 735 F.2d 1133, 1137 (9th Cir.1984), *cert. denied,* 469 U.S. 1189, 105 S.Ct. 959, 83 L.Ed.2d 965 (1985). Appellant's arguments on appeal, though nonmeritorious, do not meet this standard. We therefore decline to award fees.

### CONCLUSION

For the reasons given above, the decision of the appellate division is AFFIRMED.