FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff–Appellant,

v.

FORMER OFFICERS AND DIRECTORS OF METROPOLITAN BANK, Daniel R. Abrams, W. Todd Coffelt, Steven Hungerford, Frank Lee and Charles A. Dale; Former Officers and Directors of Willamette Falls State Bank, Gene A. Rickert, Larry A. Schoenborn, P. Dean Nichols, John Molendyk, Joyce Evans, K. Peter Norrie, Gary L. Dennison, Lewis Johnson and Irving W. Potter; Former Officers and Directors of Independent Bank of Sandy, C. Dale Brookens, Lester Hardy, John Rowell and Thomas Wolf, Defendants–Appellees.

No. 88–3638.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 27, 1989.

Decided Sept. 13, 1989.

C. Stephen Howard, Tuttle & Taylor, Los Angeles, Cal., for plaintiff-appellant.

Barrie J. Herbold, Markowitz, Herbold, Stafford & Glade, Portland, Or., for defendant-appellee, Frank Lee.

Jeffrey M. Batchelor, Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, Or., for defendants-appellees, K. Peter Norrie and Lewis Johnson.

Before ALARCON, BRUNETTI and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

The Federal Deposit Insurance Corporation ("FDIC") appeals the district court's grant of summary judgment in favor of the former officers and directors of the United Bank of Oregon, a failed bank consisting of the merged assets of three predecessor banks. The district court granted summary judgment for defendants, ruling that claims of breach of fiduciary and statutory duties were barred by the statute of limitations. 705 F.Supp. 505. We reverse.

I

In January 1983, three ailing Oregon banks, Metropolitan Bank ("Metropolitan"), Willamette Falls State Bank ("Willamette Falls"), and Independent Bank of Sandy ("IBS") merged to form the United Bank of Oregon ("UBO"). The new fourteen-member UBO board of directors was composed of directors from the three constituent banks: eight from Metropolitan, three from Willamette Falls, and three from IBS. On March 2, 1984, UBO was declared insolvent, and the Federal Deposit Insurance Corporation was appointed receiver of the

bank. The FDIC in its capacity as receiver assigned certain assets of UBO to the FDIC in its corporate capacity, including the claims of the constituent banks against their former officers and directors and all claims of UBO against its former officers and directors.

On February 27, 1987, FDIC filed a complaint in federal district court, alleging that twenty former officers and directors of the constituent banks had also been directors of UBO. FDIC claims against these officers and directors included breach of fiduciary duty, negligence, and statutory violations and claims for indemnity. These claims were based on the alleged mismanagement of the loan portfolios of the constituent banks.

Eight of the defendants moved for summary judgment, contending that all claims were barred by the statute of limitations. The district court granted summary judgment, holding (1) FDIC's claims sounded in tort, rather than contract, so that the relevant statute of limitations was the three-year period applicable to torts; (2) the right of action accrued when the loans were made, regardless of whether the government possessed the claims at that time; and (3) the statute of limitations was not tolled due to control or domination of the banks by the defendants. The district court concluded that the applicable statute of limitations, 28 U.S.C. § 2415(b), barred the action.

FDIC filed a motion for reconsideration, apparently based on Fed.R.Civ.P. 60(b)(6). In this motion FDIC argued that the district court erred in applying federal law to its claims; that a six-year statute of limitations should have been used; and that discovery should have been permitted. All three arguments were rejected by the district court. The district court also granted summary judgment for two more defendants. To expedite the appeal, FDIC moved for, and the district court granted, judgment in favor of all defendants in this action. FDIC timely appealed and argues that the district court erred (1) in its characterization of FDIC's claims as sounding in tort rather than in contract; (2) in holding that the statute of limitation began to run before FDIC acquired its claims; and (3) in granting summary judgment on the issue of adverse domination by the defendants.

II

The applicable statutes of limitations are found in 28 U.S.C. § 2415. Subsection (a) provides for a six-year time limitation within which any action for money damages may be brought by an agency of the United States "which is founded upon any contract express or implied in law or fact...." 28 U.S.C. § 2415(a). Subsection (b) provides a three-year time limit within which any action for money damages may be brought by an agency of the United States "which is founded upon a tort." 28 U.S.C. § 2415(b). These statutes of limitations apply to FDIC as an agency of the United States. *See FDIC v. Roldan Fonseca*, 795 F.2d 1102, 1108 (1st Cir.1986); *FDIC v. Petersen*, 770 F.2d 141, 143 (10th Cir.1985).

On this appeal, FDIC contends that its claims for breach of fiduciary duties to the banks outlined in its complaint sound in contract for the purposes of determining the relevant statute of limitations.[1] FDIC argues that its claims are founded both on express contract, based on the statutory oath required of defendants, and on implied contract from each defendant undertaking to serve as officer or director of a federally insured bank. This characterization of FDIC's claims would allow it to benefit from the six-year statute applicable to contracts claims.

Congress, in establishing a statute of limitations for government claims, assigned time periods according to the common law division of actions. *United States v. Limbs*, 524 F.2d 799, 801 (9th Cir.1975). To determine the relevant statute of limita-

---

**1.** The district court determined the applicable statutes of limitations periods for three of appellant's claims. FDIC contests on appeal only the limitations period for its breach of fiduciary duty claims. Accordingly, we express no opinion as to the proper limitations periods for appellant's other claims.

tions under section 2415, therefore, a court generally must characterize the action. *United States v. Neidorf,* 522 F.2d 916, 919 (9th Cir.1975), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976).

This circuit has held, however, that when there is a "substantial question" which of two conflicting statutes of limitations to apply, the court should apply the longer. *Guam Scottish Rite Bodies v. Flores,* 486 F.2d 748, 750 (9th Cir.1973) (applying longer statute of limitations when a claim had features of both an action in trespass and an action in ejectment). *See also Payne v. Ostrus,* 50 F.2d 1039, 1042 (8th Cir. 1931) ("if substantial doubt exists [as to how to characterize an action], the longer, rather than the shorter period of limitations is to be preferred"); *Hughes v. Reed,* 46 F.2d 435, 440 (10th Cir.1931) ("Where doubt exists as to the nature of the action, courts lean toward the application of the longer period of limitations").

Was there a substantial question as to whether FDIC's claims sounded in tort or in contract? We conclude there was. The fact that several courts have determined that an action for breach of fiduciary duties sounds in contract, rather than in tort suggests that there is a substantial question as to the nature of the action. *See Payne,* 50 F.2d at 1042; *Hughes,* 46 F.2d at 440–41; *FSLIC v. Aetna Cas. & Sur. Co.,* 701 F.Supp. 1357, 1360 (E.D. Tenn.1988). Indeed, at least one court has stated that a claim for breach of fiduciary duty may be characterized as either a contract or a tort action. *See International Surplus Lines Ins. Co. v. Marsh & McLennan, Inc.,* 838 F.2d 124, 128–29 (4th Cir. 1988) (analyzing a breach of fiduciary duty claim for statute of limitations purposes as both a tort and a contract claim). Since there is a substantial question whether FDIC's claims for breach of fiduciary duty are properly characterized as sounding in tort or in contract, we conclude that the six-year statute of limitations governs.

Appellees assert that several arguments made by FDIC before this court were not raised in the district court and thus may not be raised on appeal. Appellees claim (1) that FDIC failed to assert before the district court that its claims for breach of fiduciary duty sounded in contract; (2) that FDIC failed to claim that the oaths of office constituted an express contract; and (3) that FDIC failed to characterize its claims for breach of fiduciary duty as "contracts implied in law" and is thus foreclosed from making this argument on appeal.

We reject these claims. The district court explicitly ruled on the issue whether the claims for breach of fiduciary duty could be characterized as contractual. Although the district court opinion does not discuss the point, FDIC's complaint specifically refers to the oath of office taken by the officers and directors in connection with the fiduciary duties of the officers and directors. Finally, even though FDIC failed to use the technically correct legal term to characterize its implied contract claim, the context of the district court opinion makes it clear that FDIC's claim involved a contract implied in law, rather than one implied in fact.

### III

When did the causes of action accrue? Because, as an analytical matter, the claims could be deemed to accrue either when the faulty lending practices occurred or when the FDIC acquired the claims by assignment,[2] it can be argued that some of the claims accrued outside the six-year statute of limitations that we have found applicable to the breach of fiduciary duty claims.

Courts are divided on the issue of when the statute of limitations begins to run on claims acquired by the FDIC. *Compare FDIC v. Hinkson,* 848 F.2d 432, 435 (3d Cir.1988) (dicta) (accrual begins when government acquires claim); *FDIC v. Car-*

---

**2.** Appellee also argues that the claims are time barred because UBO assigned all claims on February 17, 1984. However, a reading of the document allegedly assigning the claims as of such date shows that it was merely a request for financial assistance, which was denied by the FDIC. Further, the argument must be rejected in light of our conclusion that the six-year contract statute of limitations applies.

*dona,* 723 F.2d 132, 134 (1st Cir.1983) (same) (dicta); *FDIC v. Carlson,* 698 F.Supp. 178, 180 (D.Minn.1988); *FSLIC v. Burdette,* 696 F.Supp. 1196, 1200 (E.D. Tenn.1988) (same); *FDIC v. Hudson,* 673 F.Supp. 1039, 1041 (D.Kan.1987) (same); *FDIC v. Buttram,* 590 F.Supp. 251, 254 (N.D.Ala.1984) (same) *with FDIC v. Petersen,* 770 F.2d 141, 143 (10th Cir.1985) (stating that the FDIC's cause of action to enforce a guaranty accrues and the statute of limitations begins to run on the date the underlying note matures in the hands of the private assignor); *FDIC v. Greenwood,* 701 F.Supp. 691, 694 (C.D.Ill.1988) (FDIC's cause of action accrued when the defendants first committed their allegedly negligent acts, not when the FDIC acquired the assets of the failed bank); *United States v. Cardinal,* 452 F.Supp. 542, 544 (D.Vt.1978) (statute of limitations begins to run when the claim can first be sued on, even if the government has not yet acquired claim).

Given this split of authority and lack of Ninth Circuit case law, we will examine statutory language, principles of statutory construction, and policy to interpret the relevant statutes. FDIC notes that section 2415 expressly subjects the statutes of limitations to the provisions of section 2416.[3] Section 2416(c) provides that in determining whether an action is barred by section 2415, periods during which material facts were not known and could not reasonably have been known "by an official of the United States charged with the responsibility to act in the circumstances" must be excluded. FDIC argues that until it was appointed receiver for UBO it had no authority to enforce the bank's claims, and that therefore the statute of limitations cannot begin to run until it acquired the claims upon its appointment as receiver.

■ Appellees urge, however, that FDIC failed to argue before the district court that section 2416 limited section 2415, and therefore this court should refuse to consider this argument on appeal. We find that no express citation to section 2416 was necessary where section 2415 explicitly incorporates the provisions of section 2416. In addition, where, as here, the question not raised during summary judgment proceedings is a purely legal one, this court has discretion to consider the issue and thus may take section 2416 into account in interpreting section 2415. *Telco Leasing, Inc. v. Transwestern Title Co.,* 630 F.2d 691, 693 (9th Cir.1980).

The policy arguments are fairly evenly balanced and do not weigh strongly in favor of either side in this case. Interpreting the statute of limitations as beginning to run when FDIC acquires the claims promotes uniformity in the sense that it would give FDIC a uniform time to bring suit on all claims. However, determining that the statute of limitations begins to run when the underlying wrongdoing occurs also promotes uniformity, as all potential defendants would then be subject to a uniform statute of limitations that would not be lengthened if FDIC later acquired the claims. Other countervailing interests also exist. On appellant's side is the interest in allowing the FDIC sufficient time to investigate claims. On appellees' side are the interests in allowing potential defendants predictable repose and in encouraging FDIC to bring claims promptly.

---

**3.** Relevant portions of section 2415 provide:

(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....

(b) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues;....

Relevant portions of section 2416 provide:

For the purpose of computing the limitations periods established in section 2415, there shall be excluded all periods during which—

\* \* \* \* \* \*

(c) facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances;....

To the extent that a statute is ambiguous in assigning a limitations period for a claim, we will interpret it in a light most favorable to the government. The Supreme Court has stated that "[s]tatutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government." *Badaracco v. Commissioner*, 464 U.S. 386, 391, 104 S.Ct. 756, 760, 78 L.Ed.2d 549 (1984) (quoting *E.I. Dupont de Nemours & Co. v. Davis*, 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924). We find that the application of this principle is particularly appropriate in this case because prior to the enactment of section 2415 there was no time limitation on the government's ability to bring suit, unless a particular federal statute provided a statute of limitations.

In sum, we find that the statute of limitations begins running upon acquisition of the claim by the federal government upon FDIC's appointment as receiver.[4]

REVERSED and REMANDED.

---

4. Appellees also argue that FDIC's claims against defendants Lee and Dale were time barred under Oregon law when FDIC was assigned them, so that they were not revived when the assignment was given. It is settled law that state limitations statutes are relevant in determining a claim's viability at the time the federal agency acquires the claim. If the state statute of limitations has expired before the government acquires a claim, that claim is not revived by transfer to a federal agency. *See Guaranty Trust Co. v. United States*, 304 U.S. 126, 142, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938) ("[T]he proof demonstrates that the United States never acquired a right free of a pre-existing infirmity,

the running of limitations against its assignor, which public policy does not forbid.")

The question is thus whether the claims against these particular defendants were still viable under Oregon law. We conclude that they were. Or.Rev.Stat. 708.470 provides no statute of limitations, and thus FDIC's claims are presumptively subject to the six-year limitation period applicable to actions based on liabilities created by statute. Or.Rev.Stat. 12.080(2). Thus, all claims arising within the six-year limitation period were viable at the time of assumption by FDIC.