## C & T Discount Corp. v. Sara G. Sawyer

[185 A.2d 462]

September Term, 1962

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed November 7, 1962

*Gannett, Oakes & Weber* for the plaintiff.

*Ralph Chapman* for the defendant.

**Smith, J.** This is an action to recover the amount due on a promissory note given by the defendant and her husband, Houghton

N. Sawyer, to the plaintiff. The defense is the statute of limitations. Trial was by court, resulting in a judgment for the plaintiff, and the case is here on notice of appeal from the defendant. The action was originally brought against both Mr. and Mrs. Sawyer, but it appearing that Mr. Sawyer had received a full discharge in bankruptcy from any claim that the plaintiff had against him by reason of said note, judgment was rendered in his favor by the Windham County Court.

The only question presented for review is the contention of the defendant that the note sought to be recovered upon is a demand note, and that the lapse of more than six years between the date of the note and the demand made upon her for payment of the note by the plaintiff has resulted in the running of the statute of limitations.

Findings of fact were made by the court below upon an agreed statement of facts, submitted by the parties, as well as upon testimony given in court by both Mr. and Mrs. Sawyer.

Because the note itself is the basis for much of the controversy between the parties, it is necessary to quote it in full:

"$12,500.00                                    January 26, 1952

For Value Received, I Houghton N. Sawyer Promise to pay to C & T Discount Corporation or order, the sum of Twelve Thousand five hundred and 00/100 Dollars in ..................................... from this date, with interest semi-annually at the rate of ................ per centum per annum, during said term, and for such further time as said principal sum, or any part thereof shall remain unpaid; provided however, that if any default shall be made in the payment of any installment of principal or interest and such default continues for ................ days, the whole principal sum then remaining unpaid, together with interest shall, at the option of the holder hereof, become due and payable on demand.

Signed in presence of

                                              H. N. Sawyer

..........................................        ..........................................

                                              Sara G. Sawyer

..........................................        ..........................................

Secured by Mortgage of Personal Property situated in ....... ..... ... ......

..........................................

Recorded in ..... ......... .. ....................... .. .. ..... ............ . ........... Registry of Deeds."

The note was signed by Sara Sawyer at the Sawyer home in Whitingham in the presence of her husband, and she knew at the time of signing that he was arranging the finances of his wood-working business with the plaintiff by means of this note.

Under an oral agreement payments of $125.00 per week were made for twenty weeks upon said note, which payments were made by checks signed by Houghton N. Sawyer and drawn upon a joint bank account of Mr. and Mrs. Sawyer. Such payments commenced on February 9, 1953.

No demand for payment of the note was made upon Sara G. Sawyer until the bringing of this action on June 8, 1959.

"An instrument is payable on demand: (1) where it is expressed to be payable on demand or at sight or on presentation; or (2) in which time for payment is not expressed." 9 V.S.A. §307. A reading of the note here in question quickly leads to the conclusion that nothing appears in its terms that calls for payment on demand, sight, or presentment, nor does the defendant so contend.

It is the defendant's contention that because of the various blank spaces left unfilled in the note in question there is an absence of any expression of "time for payment" in the note and thus, under 9 V.S.A. §307 (2) it must be regarded as a demand note.

There can be no doubt that the payee of the note could have filled in the blank spaces on the note within a reasonable time. 9 V.S.A. § 314. However, this was not done. What is of concern to us here is the claimed lack of expression in the note on the time for payment. It is only such lack of expression as to the time of payment that can make a demand note out of an instrument such as this, which has no formal expression made requisite by the Negotiable Instruments Act, to expressly make it a demand note.

We think it cannot be argued that this instrument is anything but a note calling for payments of installments of principal and interest over a period of time until the total amount was paid had the payee filled in the various blanks. With this done the payee had the option, but only an option, to require the payment of all principal and interest in event of a default by the makers in the amount, or the time, of the installment payments provided for in the note.

■ Even in the case of a demand note, limitations do not run if there is something in the note or in the circumstances under which it

was given showing that actual demand or delay for payment was contemplated by the parties. 71 A.L.R.2d 314, note 8.

In the note before us it is expressly provided that the whole sum of the note, with interest, would become payable only after default in payment was made by the makers, and then only when the payee of the note exercised the option which the terms of the note gave it. "When the instrument itself indicates that the calls for payment were to be indefinitely prospective, and to be made as might suit the wants and convenience of the payee, there is no ground furnished upon which the law can assume any fixed point as a limit to reasonable time for making a demand, and therefore give operation to the statute of limitations." *Stanton v. Estate of Stanton,* 37 Vt. 411. While this principle of law was laid down many years before the enactment of the present Negotiable Instruments Act, it is as applicable today as it was at the time it was written.

Further, the findings of fact, and the agreed statement of facts submitted by the parties, evidenced that payments of $125.00 per week were made for some twenty weeks on the note. This is a circumstance clearly indicating that the note given was not contemplated as a demand note by the parties. It requires little imagination or knowledge of mathematics to infer that one hundred payments of this kind would have discharged the principal sum of the note, and have been consistent with its terminology.

Even though the note contains the words "I promise to pay," it was signed by both Houghton Sawyer and Sara G. Sawyer and they were jointly and severally liable thereon. 9 V.S.A. §317 (7).

The defendant contends that Houghton Sawyer could not bind Sara by his agreement with the plaintiff to make the weekly payments on the note, nor by the payments themselves (although they were made from a joint bank account) so as to toll the waiving of the statute of limitations as against her. Whatever the merits of this contention, and we doubt that they are substantial, under the facts of the case we need not consider them.

The note was not a demand note on its face. Both the wording of the note and the circumstances under which it was given made abundantly clear that it was optional with the payee when demand might be made for payment of the note. That option was not exercised by the payee against the defendant until the bringing of this

action in June 1959. This was the first demand made by the plaintiff for payment of this note by the defendant, and the statute of limitations did not commence to run in favor of the defendant until such demand was made.

Judgment was rendered below for the plaintiff to recover of the defendant the sum of $8,150.91, with interest at the rate of 6 percent from the date of the beginning of the action. Although the order was approved as to form by the plaintiff she now claims error in the computation of the damages on the part of the lower court. This contention is based upon the finding of fact that the United States District Court, at the time of the bankruptcy proceedings, allowed the claim of this plaintiff against Houghton N. Sawyer, founded upon this note at $7,606.73, and a dividend of $1,849.09 was paid to the plaintiff by the trustee in bankruptcy.

In view of the evidence before the lower court in this case, that the face value of the note was $12,500 and the only payments made upon it were the twenty installment payments of $125.00 each, amounting in all to $2,500, plus the dividend received from the trustee in bankruptcy in the case of Houghton Sawyer of $1,849.09, the recovery allowed the plaintiff from the defendant, Sara Sawyer, of $8,150.91, was correct. The lower court could not ignore the actual evidence before it and adopt a figure found by another court against another defendant, and which might well have been based upon evidence received in the United States District Court, but which was obviously not offered to the Windham County Court, rendering the judgment questioned here.

The defendant also excepts to the court's failure to find that the defendant had no dealings or communication relative to the note with the plaintiff, and was not a party to any oral agreement relative to the installment payments made on the note to the plaintiff, in accordance with her request to find.

The agreed statement of facts recites that the note was given by both Houghton and Sara Sawyer to the plaintiffs; that the twenty installment payments were made on the note; and that such payments were made from a joint bank account of the Sawyers.

The agreement also provided that the parties' right to introduce additional evidence was, in effect, limited "to matters not herein

included." Nothing in the agreed statement of facts indicates that the defendant was not aware of the agreement to make the installment payments, nor lack of knowledge that they were made from the joint account in the name of her husband and herself. As a party to the agreed statement of facts, she could have insisted upon this inclusion. She was bound by her assent to the agreed statement of facts, and her exceptions to the failure of the lower court to comply with her requests, which would have been contrary to the agreed facts, avail her nothing.

*Judgment affirmed.*