**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

**v.**

**FORMER OFFICERS AND DIRECTORS OF METROPOLITAN BANK: Daniel R. Adams, W. Todd Coffelt, Steven Hungerford, Frank Lee, and Charles A. Dale, Former Officers and Directors of Willamette Falls State Bank: Gene A. Rickert, Larry A. Schoenborn, P. Dean Nichols, John Molendyk, Joyce Evans, K. Peter Norrie, Gary L. Dennison, Lewis Johnson, Irving W. Potter, George Hammond, Former Officers and Directors of Independent Bank of Sandy: C. Dale Brookens, Joseph Cejka, Lester Hardy, John Rowell, and Thomas Wolf as a director and as counsel for Independent Bank of Sandy, Defendants.**

Civ. No. 87–206–PA.

United States District Court, D. Oregon.

July 31, 1987.

On Motion For Reconsideration Nov. 24, 1987.

Michael F. Ruggio, Bruce J. Pederson, Federal Deposit Ins. Corp., Legal Div., Washington, D.C., and Carol A. Hewitt, Thomas A. Balmer, Linda M. Seluzicki, Lindsay, Hart, Neil & Weigler, Portland, Or., for plaintiff.

Carlton D. Warren, Warren, Allen & Brookshire, Portland, Or., for defendant Daniel R. Adams.

W. Todd Coffelt, Tigard, Or., defendant, pro se.

S. Ward Greene and Greene & Markley, Portland, Or., for defendant Steven Hungerford.

David B. Markowitz, Peter H. Glade, Markowitz & Herbold, P.C., Portland, Or., for defendant Frank Lee.

Mark M. LeCoq, James M. Finn, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for defendants Charles A. Dale and Gary L. Dennison.

Gene A. Rickert, Thomas O. Branford, Newport, Or., defendant, pro se.

Robert Lohman, Lohman, Lohman & Lohman, P.C., Clackamas, Or., for defendant Larry A. Schoenborn.

P. Dean Nichols, Oregon City, Or., defendant, pro se.

Michael W. Mosman, Miller, Nash, Wiener, Hager & Carlson, Portland, Or., for defendants John Molendyk and Joyce Evans.

Wayne Hilliard, Jeffrey M. Batchelor, Donald H. Pyle, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, Or., for defendants K. Peter Norrie and Lewis Johnson.

Austin W. Crowe, Jr., Thomas W. Brown, Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland, Or., for defendants Irving W. Potter and Thomas Wolf.

George Hammond, Gladstone, Or., defendant, pro se.

C. Dale Brookens and Lester Hardy, Mark M. McCulloch, Powers, McCulloch & Bennett, Portland, Or., defendants, pro se.

Robert E. Lowe, Gresham, Or., for defendant Joseph Cejka.

Thomas H. Tongue, John C. Cahalan, Dunn, Carney, Allen, Higgins & Tongue, Portland, Or., for defendant John Rowell.

## OPINION

PANNER, Chief Judge.

The Federal Deposit Insurance Corporation (FDIC) brings this action against twenty former officers and directors of three banks which merged into one bank. The merged bank was declared insolvent. FDIC paid on its obligations as insurer of the depositors, and was appointed receiver of the failed bank. Eight of the defendants have moved for summary judgment on the grounds that the complaint is barred by the statute of limitations. I grant the motions.

## BACKGROUND OF THE CASE

In January 1983, three ailing banks, Metropolitan Bank (Metropolitan), Willamette Falls State Bank (Willamette Falls) and Independent Bank of Sandy (IBS) merged to become the United Bank of Oregon (UBO). The new fourteen-member UBO board of directors was made up entirely of directors of the three banks: eight from Metropolitan, three from IBS, and three from Willamette Falls. UBO was declared insolvent by the Oregon Superintendent of Banks on March 2, 1984. FDIC was the insurer of the depositors. FDIC was also appointed receiver of the bank as provided for by ORS 711.465(1) and 12 U.S.C. § 1821. These two roles are separate and distinct. *Federal Deposit Ins. Corp. v. Hatmaker*, 756 F.2d 34, 36 n. 2 (6th Cir. 1985). As insurer, FDIC paid out some $11 million to the depositors. FDIC asserts its claims in the dual capacity as assignee of the receiver and subrogee of the insurer. On February 27, 1987, FDIC filed a 172–page complaint. None of the defendants have answered, but rather several have filed these motions for summary judgment. No discovery has yet occurred.

The facts are essentially identical for all defendants except for the length of their involvement with one or more of the banks. Some resigned as early as August 1981, well before the merger took place. Several resigned on December 31, 1982, when the three predecessor banks closed immediately prior to the merger. Others resigned at various times up to the closing of UBO in March 1984. Each of them contends that the statute of limitation bars this suit. They resist discovery and point out that the records of the banks have been within the sole control of FDIC since at least March 1984 and yet FDIC fails to respond to their summary judgment motions with facts negating their position.

## STANDARDS

■ The court may grant summary judgment under Fed.R.Civ.P. 56(c) if it finds no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. The moving party must show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553,

91 L.Ed.2d 265 (1986). All reasonable doubts as to the existence of a genuine issue of material fact should be resolved against the moving party. *Hector v. Weins*, 533 F.2d 429, 432 (9th Cir.1976). The inferences drawn from the facts must be viewed in a light most favorable to the nonmoving party. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the moving party satisfies the initial burden, then the burden shifts to the opponent to come forward with specific facts showing that a genuine material fact remains in the case. *Neely v. St. Paul Fire & Marine Insurance Co.*, 584 F.2d 341, 344 (9th Cir.1978). If the adverse party does not respond, summary judgment, if appropriate, shall be entered against him. Fed.R.Civ.P. 56(e).

█ Summary judgment may be appropriate where the basis is a statute of limitations defense, even though there has been no discovery. *Willmar Poultry Co. v. Morton–Norwich Products, Inc.*, 520 F.2d 289 (8th Cir.1975).

## DISCUSSION

█ In general, federal law, not state law, controls the rights of the FDIC. *D'Oench, D. & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 456, 62 S.Ct. 676, 679, 86 L.Ed. 956 (1942). This is true unless the claims expired under state law before their assignment to the FDIC.[1] *Federal Deposit Ins. Corp. v. Cardona*, 723 F.2d 132, 143 (1st Cir.1983). The relevant statute of limitations is 28 U.S.C. § 2415, which provides for a three year limitation period for torts and a six year limitation period for contracts. Congress assigned these periods

according to the common law division of actions, which sound in tort, contract or quasi-contract. *United States v. Limbs*, 524 F.2d 799, 801 (9th Cir.1975). FDIC contends that the complaint states four[2] causes of action: indemnity, statutory and regulatory violations, breach of fiduciary duty, and negligence.

### 1. *Indemnity.*

█ Plaintiff contends that defendants are liable in indemnity and therefore the six year statute of limitations under an implied contract applies. They contend that FDIC, as insurer, has discharged a legal obligation for which the defendants were also liable and that the defendants should pay. Inherent in this argument is the assumption that the depositors of the banks have a direct claim against the former officers or directors of the banks, and that FDIC acquired those rights by subrogation. However, depositors do not have a direct cause of action against former officers and directors unless they suffered a wrong distinct to them and not common to all, or unless the receiver declines to sue. *Adato v. Kagan*, 599 F.2d 1111, 1117 (2d Cir.1979). Claims against former directors are an asset of the bank. Contrary to plaintiff's assertion, ORS 711.470 and 12 U.S.C. § 1821(g) provide subrogation rights to FDIC as insurer against the closed bank, not against its former directors. Plaintiff does not have a claim under this theory or the benefit of the six year period of limitations.

### 2. *Statutory And Regulatory Violations.*

Plaintiff alleges that defendants violated federal statutes and regulations which prohibit loans to officers and directors unless they are made on the same terms as usually prevail, and which, for amounts over $25,000, require prior approval of the board

---

1. Defendant Lee contends that the cause of action accrued prior to February 17, 1982, and therefore ORS 12.110(1) ran before the assignment to FDIC on February 17, 1984. Because I find that the limitation period expired under federal law, I need not reach this issue.

2. The complaint also alleges legal malpractice, which relates only to one of the defendants not a party to these motions.

without the interested party's participation. Plaintiff contends that these claims are subject to the six year contract limitation of ORS 12.080(2) and 28 U.S.C. § 2415(a). Plaintiff also alleges violation of ORS 708.-470, which provides in part: "The liability for the loan continues until the loan, with interest, is paid in full without loss to the institution." Plaintiff contends that no statute of limitations applies to ORS 708.-470.

As noted, only federal law controls the rights of the FDIC. *D'Oench, D. & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. at 456, 62 S.Ct. at 679. In addition, the limitation period under section 2415 is not altered because the act also violates a statute or regulation. *United States v. Limbs*, 524 F.2d at 801. I must determine whether the underlying cause of action sounds in common law tort, contract or quasi-contract.

■ This case is unlike *United States v. Niedorf*, 522 F.2d 916 (9th Cir.1975), in which the government sued as a creditor against shareholders of a corporation for recovery of distributions to them which had rendered the corporation insolvent. There the court characterized the liability of the transferee of a fraudulent conveyance and the liability of a shareholder to a creditor as one based on quasi-contract, and on that basis applied the six year statute of limitations. More on point is *McNair v. Burt*, 68 F.2d 814 (5th Cir.1934), in which the receiver of a bank sued the directors for improvident and excessive loans. Even though the bank officers in that case had taken a statutorily prescribed oath of office, the court rejected the contention that a contract statute of limitation should apply. *Id.* at 816. The court characterized the claim as one of common law negligence. I find that the underlying claim of the FDIC is properly characterized as a common law tort rather than contract or quasi-contract. The applicable limitation period is three years. 28 U.S.C. § 2415(b).

### 3. *Breach Of Fiduciary Duty.*

■ Plaintiff asserts that the defendants breached their fiduciary duty toward the bank, which requires that their acts benefit the bank and not themselves. They contend that under some situations, the fiduciary duty is considered a contract implied at law, requiring the six year limitation period. In *Hughes v. Reed*, 46 F.2d 435 (10th Cir.1931), the receiver of a bank sued its former directors to recover losses alleged to have been incurred by the bank in violation of their duties as directors. The court stated that directors assume the duty to direct the affairs of the bank honestly and diligently. In *Hughes* this relationship was "fortified" by a statutorily prescribed oath of office. The court applied the contract statute of limitations. *Id.* at 441. In this case, however, there is no oath of office, no writing indicating mutual consent of the parties, and no special relationship as in *United States v. Douglas*, 626 F.Supp. 621 (E.D.Va.1985), where the court found that government employees owe a fiduciary duty to the government which arises out of a contract implied at law. In this case the fiduciary duty of the former officers and directors sounds in common law tort. The applicable limitation period is three years. 28 U.S.C. § 2415(b).

### 4. *Negligence.*

■ If defendants breached their duty of ordinary diligence or failed to exercise reasonable control over the making of loans, the applicable limitation is three years "after the right of action first accrues" as provided in 28 U.S.C. § 2415(b). Plaintiff contends that the right of action accrued when it took receivership of the UBO in March 1984. The cases are divided on whether the right of action accrues when FDIC first took receivership or when the claim first became actionable regardless of when the government acquired the claim. In *Federal Deposit Ins. Corp. v. Buttram*, 590 F.Supp. 251, 254 (N.D.Ala.1984), the court held that the statute of limitations could not have begun running prior to the time FDIC was appointed receiver. In that case, however, the directors were still in control of the business and the court stated that even if FDIC was aware of wrongdoing by the officers of the bank, it had no legal authority to bring suit on behalf of

the bank prior to its appointment as receiver against directors who still were in control. *Federal Savings and Loan Ins. Corp. v. Williams*, 599 F.Supp. 1184, 1193 (D.Md.1984), held similarly, without discussion. *Federal Deposit Ins. Corp. v. Cardona*, 723 F.2d 132, 134 (1st Cir.1983), also held that the cause of action accrued with the FDIC's appointment as receiver, but apparently because the Puerto Rico statute of limitations would have allowed an action beyond the federal statute, and the court stated that the government should not have fewer rights under federal law than under state law. The most thorough discussion of this issue occurred in *United States v. Cardinal*, 452 F.Supp. 542 (D.Vt.1978), in which the court examined legislative history and analogous statutes. *Cardinal* concludes that the cause of action accrues when the claim first could be sued upon, regardless of whether the government possessed the claim at that time. This conclusion eliminates uncertainty about how long defendants may be subject to suit and makes the government more nearly equal to private litigants. I follow the better rule as held in *Cardinal*.

Under federal law the action accrued when the money was loaned. *Corsicana National Bank v. Johnson*, 251 U.S. 68, 86, 40 S.Ct. 82, 90, 64 L.Ed. 141 (1919).[3] Even though the amount of damage may not be known, the damage as well as the injury is considered complete, and it became the duty of the officers and directors to restore the money to the bank, when they knew or should have known of the wrongdoing. *Id.; Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873 (9th Cir.1984). Plaintiff does not allege that the defendants concealed the alleged wrongdoing or conspired among themselves or with nondefendant officers or directors to keep it secret. The bank and its officers and directors must be charged with knowledge of what appears on its books. *Curtis v. Connly*, 257 U.S. 260, 262–63, 42 S.Ct. 100, 101, 66 L.Ed. 222 (1921). All of the alleged wrongdoing in this case occurred prior to

the merger of the three banks into the UBO. Consequently, plaintiff's cause of action accrued at least by December 31, 1983, when the three predecessor banks merged.

■ Plaintiff seeks to avoid this consequence by contending that the statute of limitations is tolled for the length of time that the defendants controlled or dominated the banks, because the directors could hardly be expected to sue themselves. *Federal Deposit Ins. Corp. v. Bird*, 516 F.Supp. 647, 651 (D.P.R.1981). The leading Ninth Circuit case states:

A plaintiff who seeks to toll the statute because the corporation was dominated must show "full, complete and exclusive control in the directors or officers charged." *International Railways of Central America v. United Fruit Co.*, 373 F.2d 408, 414 (2d Cir.1967). The test is that "once the facts giving rise to possible liability are known, the plaintiff must effectively negate the possibility that an informed stockholder or director could have induced the corporation to sue." *Id.*

*Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d at 879 (Solomon, J.). In *International Railways*, the circuit recognized that the odds were against a reconstituted board of directors authorizing suit. Nevertheless, the circuit affirmed the district court's grant of summary judgment because the plaintiff had not borne its burden of showing that the board would not have authorized suit. *International Railways of Central America v. United Fruit Co.*, 373 F.2d at 414.

The fourteen-member UBO board was made up entirely of directors of the three banks: eight from Metropolitan, three from IBS, and three from Willamette Falls. Eight of the original fourteen UBO directors are defendants. Plaintiff contends that "it simply ignores human nature to expect these directors to sue" former directors, since suit of former directors would implicate many of the directors who

---

**3.** Although as plaintiff points out Oregon law may be different, *cf. U.S. National Bank v. Davies*, 274 Or. 663, 666, 548 P.2d 966 (1976), federal law controls the rights of the FDIC. *D'Oench, D. & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. at 456, 62 S.Ct. at 679.

were still on the board of UBO when FDIC took receivership.

This argument falls far short of a showing that either the defendants dominated the board or that the culpable defendants concealed relevant facts from the other directors. On the contrary, defendants present evidence that at least by the time of the merger, the directors were familiar with critical reports made by FDIC in its insurer oversight capacity. They also present evidence of strong and experienced directors that joined the Metropolitan and UBO boards. The statute is not tolled beyond December 31, 1983. Plaintiff filed this action on February 27, 1987. It failed to initiate suit within the three year limitation period of 28 U.S.C. § 2415(b).

## CONCLUSION

I grant the motions for summary judgment filed by defendants Norrie, Johnson, Hungerford, Rowell, Schoenborn, Nolendyk, Evans, Lee, and Adams because, viewed in a light most favorable to plaintiff, there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.

## ON MOTION FOR RECONSIDERATION

On July 31, 1987, I granted defendants' motions for summary judgment and held that the applicable statutes of limitation barred this action by plaintiff Federal Deposit Insurance Corp. (FDIC). Subsequently FDIC moved for reconsideration of that decision. I deny the motion.

## BACKGROUND

The facts of this case are more fully set forth in the July 31 opinion. A brief rendition follows. FDIC brought this action against twenty former officers and directors of three banks which merged into one bank. The merged bank was declared insolvent. FDIC paid on its obligations as insurer of the depositors, and was appointed receiver of the failed bank. FDIC asserts its claims in the dual capacity as assignee of the receiver and subrogee of the insurer. It asserted that defendants were liable under four theories: indemnity, statutory and regulatory violations, breach of fiduciary duty, and negligence. Eight of the defendants moved for summary judgment. I held that FDIC does not have a claim in indemnity, that the underlying claim sounded in tort, that the applicable limitation period was three years under 28 U.S.C. § 2415(b), that the cause of action accrued when the claim first could be sued upon regardless of whether the government possessed the claim at that time, *United States v. Cardinal*, 452 F.Supp. 542 (D.Vt.1978), and that the limitations period was not tolled because defendants did not dominate the boards of directors of the banks. *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873 (9th Cir.), *cert. denied*, 469 U.S. 932, 105 S.Ct. 329, 83 L.Ed.2d 265 (1984). I also denied discovery. FDIC now argues that I erred in applying federal law to its claims; that I erred in failing to apply a six-year statute of limitations, and that I should have allowed discovery.

## STANDARD

Plaintiff's motion for reconsideration appears to be based on Fed.R.Civ.P. 60(b)(6), which provides relief from a judgment or order for "any ... reason justifying relief."

> While the language of either [Rule 60(b)(5) or (6)] is broad, neither presents the court with a "standardless residual discretionary power to set aside judgments...." Instead it is settled that such relief is extraordinary and may be granted only upon a showing of "exceptional circumstances." Thus a party seeking such relief must bear a heavy burden of showing circumstances so changed that "dangers, once substantial, have become attenuated to a shadow," and that, absent such relief an "extreme" and "unexpected" hardship will result. We think a healthy respect for the finality of judgments demands no less.

*Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir.1977) (citations omitted).

A motion for reconsideration should not be the occasion to tender new legal

theories for the first time, but rather should serve to correct manifest errors of law or fact or to present newly discovered evidence. *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 666 (N.D.Ill.1982), *aff'd*, 735 F.2d 1367, 736 F.2d 388 (7th Cir.1984). It is within the court's discretion whether to consider new arguments. *Schanen v. United States Dep't of Justice*, 762 F.2d 805 (9th Cir. 1985), *reaffirmed as modified*, 798 F.2d 348 (9th Cir.1986).

## DISCUSSION

■ In my July 31 opinion, I held that federal law applies to the case, citing *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Congress has provided that FDIC has the power:

> To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States ... except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders and such State bank under State law shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819 Fourth. FDIC argues that state law should apply, citing *Federal Deposit Ins. Corp. v. Braemoor Assocs.*, 686 F.2d 550 (7th Cir.1982), *cert. denied*, 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed.2d 297 (1983). The *Braemoor* court noted that state law may be adopted as the rule of decision in "the absence of any ready-made federal common law." *Id.* at 554. Unless giving content to the federal law to be applied offers difficulty, which is not true for this case, federal law applies. *Federal Deposit Ins. Corp. v. Bird*, 516 F.Supp. 647 (D.P.R.1981). Here, FDIC as receiver assigned its claim to FDIC as corporation. Federal statutes of limitation are applicable when FDIC acquired its claim by assignment. *Id.* at 650. FDIC's capacity as corporate purchaser does not change merely

because it is also a receiver. *Federal Deposit Ins. Corp. v. Ashley*, 585 F.2d 157, 160 (6th Cir.1978).

FDIC also contends that it is subrogee of the bank's depositors, and that state law should be applied. 12 U.S.C. § 1821(g). However, it is not entitled to indemnity because depositors do not have a direct cause of action against former officers and directors unless they suffered a wrong distinct to them and not common to all. *Adato v. Kagan*, 599 F.2d 1111, 1117 (2d Cir. 1979).

FDIC also contends that state law should determine the time for accrual of claims because it disagrees with the rule of *United States v. Cardinal*, 452 F.Supp. at 542. In the July 31 opinion I carefully considered all the applicable law, including legislative history and public policy, and concluded that *Cardinal* stated the better rule.

■ FDIC argues that it should be allowed discovery, but offers no new evidence or reasons. As noted in the opinion, summary judgment may be appropriate even when there has been no discovery, especially in a case such as this where FDIC has had sole control of the banks' records since at least March 1984.

FDIC also contends that a six-year contract limitation period must apply when federal statutes or regulations are violated, citing *United States v. Dae Rim Fishery Co.*, 794 F.2d 1392 (9th Cir.1986). In that case the Ninth Circuit held that the statute imposed a quasi-contractual duty to reimburse the government for an oil spill cleanup. The underlying facts of each case must be characterized as common law tort, contract or quasi-contract for purposes of the statute of limitations. *United States v. Limbs*, 524 F.2d 799 (9th Cir.1975). The duty of the directors towards bank shareholders and depositors sounds in common law tort. It is not automatically transformed into a contractual relationship by a statute. For the same reasons, the claim for breach of fiduciary duty sounds in tort even if the directors were required to take an oath of office under state law. This is

simply not a case where a writing indicates mutual consent of the parties, nor does a special relationship exist which takes this case out of the realm of common law tort.

## CONCLUSION

FDIC merely reiterates its prior arguments. It offers no new evidence or any good reason in law or fact to alter my July 31 opinion. The motion for reconsideration is denied.