**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Russell GREENWOOD, J. Ellis Hicks, John L. Spinner, Myrel L. Whitmyer, and William A. Young, Defendants.**

No. 87–3266.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 15, 1988.

Cheryl Ragel Stickel, Mohan, Alewlt & Prillaman, Springfield, Ill., Richard G. Smolev, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., Marilyn E. Anderson, Federal Deposit Ins. Corp., Washington, D.C., for plaintiff.

Charles E. Holt, Graham & Graham, Springfield, Ill., Kelly D. Long, Hillsboro, Ill., Alan Pretnar, Taylor Springs, Ill., David Duez, Bruce H. Schoumacher, McDermott, Will & Emery, Chicago, Ill., Louis C. Roberts, Christopher J. Graham, Raymond J. Jast, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

Did the FDIC's cause of action accrue when it first acquired the assets of the failed Coffeen National Bank or when Defendants committed their allegedly negligent acts?

The latter: when the cause first could have been sued on.

### I

On or about July 12, 1984, the Office of the Comptroller of the Currency ("OCC") ordered that the Coffeen National Bank (the "bank") be closed. The OCC took possession of the bank's assets and tendered to the Federal Deposit Insurance Corporation ("FDIC") the appointment as receiver of the bank. Thereafter, the FDIC in its corporate capacity purchased the assets of the bank from the FDIC in its capacity as receiver. Included in the assets were all claims that the bank had against its directors, officers, and employees for alleged negligent performance or nonperformance of their duties. Defendants were directors of the bank at relevant times herein.

Defendants allege as an affirmative defense that the FDIC's action is time barred. Defendants allege that most of the conduct on which Plaintiff's action is based occurred prior to 1979 and all of the acts occurred prior to August 1982. Plaintiff filed its complaint July 10, 1987. Defendants moved for partial summary judgment on October 17, 1988, and that motion is now before the Court.

### II

Under Fed.R.Civ.P. 56(c), summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Nevertheless, the rule is also well established that the mere existence of some factual dispute will not frustrate an otherwise proper summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). Thus, the "preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed." *Id.* at 251, 106 S.Ct. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S., (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Applying this standard, the Court now turns to the case at bar.

### III

Pursuant to 28 U.S.C. § 2415:

(a) ... Every action for money damages brought by the United States or an offi-

cer or agency thereof which is founded upon any contract expressed or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....

(b) ... Every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues....

Thus, whether Plaintiff's cause of action sounds in tort or contract, the relevant time period for determining when an untolled statute of limitations begins to run is the date on which the right of action first accrued.

■ The parties cite no, and the Court was unable to discover any, Seventh Circuit authority interpreting the language of § 2415. The case law appears to be split.

*United States v. Cardinal*, 452 F.Supp. 542 (D.Vt.1978), involved a promissory note assigned to the Federal Housing Authority by a prior holder. The note became fully due and payable on March 11, 1971, but was not assigned to the FHA until April 1, 1971, and the FHA did not sue upon the note until November 17, 1976. The defendant asserted that the cause of action accrued when he defaulted on the note while the Government asserted that the cause of action accrued when the Government acquired the note. The district court found both positions to be incorrect and held that the cause of action first could have been sued upon, and thus accrued, when the prior holder invoked an acceleration clause and demanded payment. This occurred approximately one month before the FHA acquired the note. The Court considered the legislative history of § 2415 and found that holding that the cause of action accrued when it first could have been sued upon, whether or not the Government had acquired it at that time, better effectuates the reasons behind § 2415. These reasons include making the position of the Government more nearly equal to that of private litigants, encouraging early trials so that necessary documents and witnesses are available and memories are still fresh, re-

ducing the costs of keeping records of and collecting on Government claims, encouraging agencies to refer their claims promptly to the Department of Justice for collection, avoiding judicial hostility towards stale claims and minimizing collection problems arising with respect to defendants who have died, disappeared or gone bankrupt. *United States v. Cardinal*, 452 F.Supp. at 545. *See also* S.Rep. No. 1328, 89th Cong., 2d Sess., *reprinted* in U.S.Code Cong. & Admin.News, pp. 2502, 2513 (1966).

*Cardinal* has been followed by courts in other jurisdictions. In *Federal Deposit Insurance Corp. v. Former Officers & Directors of Metropolitan Bank*, 705 F.Supp. 505 (D.Or.1987), the FDIC asserted claims against former bank officers and directors for alleged negligence in the making of loans. The court, in holding that the claims accrued when they could have first been sued upon, stated that such a holding "eliminates uncertainty about how long defendants may be subject to suit and makes the government more nearly equal to private litigants." *Id.* at slip op. 12. In a similar case, the same court stated that "[t]here is no basis for favoring the government by holding that claims accrue only when they are assigned to the government, as opposed to when the original holder of the claims could have sued." *Federal Deposit Insurance Corp. v. Compton*, No. 87–6413–E, slip op. at 9, —— F.Supp. —— (D.Or. Apr. 19, 1988). *See FDIC v. Petersen*, 565 F.Supp. 1007 (D.Colo.1983) (citing *United States v. Cardinal*, 452 F.Supp. 542 (D.Vt.1978)), *aff'd*, 770 F.2d 141 (10th Cir.1985); *FDIC v. Galloway*, 856 F.2d 112 (10th Cir.1988). *See also United States v. Sellers*, 487 F.2d 1268 (5th Cir.1973) (cause of action on note assigned to Small Business Association accrued when original maker defaulted); *United States v. Vicon Construction Co.*, 575 F.Supp. 1578 (S.D. N.Y.1983) (cause of action based on payments made to landowners under flood insurance program accrued at time Defendant's negligence allegedly caused the flooding).

Not every court to have considered the question, however, has followed the reason-

ing in *Cardinal.* In *FDIC v. Cardona,* 723 F.2d 132 (1st Cir.1983), the court stated in dicta that the Plaintiff's cause of action accrued when the FDIC in its corporate capacity purchased the assets of a failed bank from the FDIC in its capacity as receiver. Similarly, in *FDIC v. Hinkson,* 848 F.2d 432 (3d Cir.1988), the court held the statute of limitations for a cause of action upon a promissory note began to run when the FDIC received an assignment of the note. *See also FDIC v. Buttram,* 590 F.Supp. 251 (N.D.Ala.1984) (statute of limitations did not begin to run until FDIC's appointment as receiver because until that time FDIC had no authority to sue); *FDIC v. Berry,* 659 F.Supp. 1475 (E.D.Tenn.1987) (cause of action based on director negligence did not accrue until assignment to FDIC); *FDIC v. Hudson,* 673 F.Supp. 1039 (D.Kan.1987) (cause of action based on director negligence did not accrue until FDIC accepted appointment as receiver).

We believe that the *Cardinal* rationale is the better view. This Court holds that the FDIC's cause of action accrued when the cause first could have been sued upon, whether or not the FDIC had acquired it at that time. We find that interpreting the statute in this manner better effectuates the purposes of § 2415. Plaintiff asserts that even interpreting the statute in this manner, the cause could not accrue until assignment to the FDIC because until that time Plaintiff had no authority to sue. This, however, begs the question. Congress could have provided that the United States or an agency thereof has six years from acquiring a claim sounding in contract in which to sue and three years from acquiring a claim sounding in tort. This they did not do. Thus, the Court believes that the general rule is applicable. A cause of action accrues when it first could be sued upon by a plaintiff.

### IV

The Court has jurisdiction over this matter pursuant to 12 U.S.C. § 1819 Fourth. That statute provides that "[a]ll suits of a civil nature at common law or in equity to which the [FDIC in its corporate capacity] shall be a party shall be deemed to arise under the laws of the United States and the United States district courts shall have original jurisdiction thereof." *Id.* This language expressly provides for the application of federal as opposed to state law. *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 455–56, 62 S.Ct. 676, 678–79, 86 L.Ed. 956 (1942). The parties have not brought to the Court's attention any federal court opinion on the issue of when a party can first sue upon a cause of action based on a director's or officer's negligent performance of his duties. Under Illinois law, however, where a tort arises out of a breach of a contractual duty, the period of limitations begins to run at the time the contract is breached. *Rock Island Bank v. Aetna Casualty & Surety Co.,* 692 F.2d 1100 (7th Cir.1982). Thus, were this case decided under state law, the statute of limitations would begin to run at the time of Defendants' alleged misconduct. The Court will assume that the federal rule is the same.

### V

While the Court has found that Plaintiff's cause of action accrued when it first could have been sued upon whether or not Plaintiff had acquired it at that time, the Court expresses no opinion as to whether any time period exists in which the statute of limitations was tolled. While both sides raise this issue in their briefs, neither side has sought summary judgment on this issue.

*Ergo,* for the reasons discussed above, the motion for partial summary judgment filed on behalf of Defendants is ALLOWED.